1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WELLS FARGO BANK, N.A.,              No. 2:17-CV-0471-JAM-CMK

12              Plaintiff,

13        vs.                            FINDINGS AND RECOMMENDATIONS

14   NATHAN J. GALLO, et al.,

15              Defendants.

16   _____/

17              Plaintiff, which is proceeding with retained counsel, brings this civil action for

18   reformation of a grant deed and deed of trust.  Defendants' defaults were entered by the Clerk of

19   the Court on July 21, 2017 (as to defendant Secretary of Housing and Urban Development, <u>see</u>

20   Doc. 11) and September 25, 2017 (as to defendant Gallo, <u>see</u> Doc. 16).  Pending before the court

21   is plaintiff's unopposed motion for default judgment.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

# I. STANDARD FOR DEFAULT JUDGMENT

Whether to grant or deny default judgment is within the discretion of the court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir 1986). Regarding the last factor, a decisions on the merits is impractical, if not impossible, where defendants refuse to defend. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Where a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. See Panning v. Lavine, 572 F.2d 1386 (9th Cir. 1978). However, the court has the responsibility of determining whether the facts alleged in the complaint state a claim which can support the judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). For this reason, the district court does not abuse its discretion in denying default judgment where the factual allegations as to liability lack merit. See Aldabe, 616 F.2d at 1092-93.

/ / /

/ / /

/ / /

While factual allegations concerning liability are deemed admitted upon a defendant's default, the court does not presume that any factual allegations relating to the amount of damages suffered are true.  See Geddes, 559 F.2d at 560.  The court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence.  See id.  In discharging its responsibilities, the court may conduct such hearings and make such orders as it deems necessary.  See Fed. R. Civ. P. 55(b)(2).  In assessing damages, the court must review the facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled.  See Pope v. United States, 323 U.S. 1 (1944).

Where actual damages are not proved, it may be appropriate in some cases to award nominal damages to vindicate the deprivation of certain "absolute" rights.  See Cummings v. Connell, 402 F.3d 936, 942 (9th Cir. 2005).  Nominal damages may be appropriate under California law for the torts of trespass, see Consterisan v. Tejon Ranch Co., 255 Cal.App.2d 57, 60 (5th Dist. 1967), assault, see Liljefelt v. Blum, 33 Cal.App.721 (1st Dist. 1917) (per curiam), loss of publicity, see Ericson v. Playgirl, Inc., 73 Cal.App.3d 850, 859 (2nd Dist. 1977), as well as breach of contract, see id..   As the term implies, nominal damages is defined as a mere token or trifle.  See Cummings, 402 F.3d at 943.

## II.  DISCUSSION

Plaintiff alleges the following facts in its complaint:

1.    The subject of the complaint is real property located in Butte County, California, at:

> 1528 Bidwell Drive
> Chico, CA 95926.

2.    The correct legal description of the property is:

> Lot 16, as shown on that certain map entitled "Oak Lawn Manor Subdivision," which Map was recorded in the Office of the Recorder of the County of Butte, State of California, on March 17, 1950, in Book 17 of Maps, at Page(s) 37.

4.      On or about March 21, 2013, defendant Gallo obtained a loan from Pacific Trust Bank secured by the subject property via a deed of trust recorded on May 9, 2013 as Instrument No. 2013-0018643 in the Office of the Recorder for the County of Butte. Defendant Gallo is the borrower; Chicago Title Company is the trustee, and Mortgage Electronic Registration Systems, Inc., ("MERS") is the beneficiary of the deed of trust.

5.      On or about March 26, 2013, defendant Gallo obtained title to the subject property via grant deed (attached to the complaint as Exhibit 1) recorded on May 9, 2013 as Instrument Number 2013-0018642 in the Office of the Recorder for the County of Butte.

6.      MERS assigned its interest in the deed of trust to plaintiff by Corporate Assignment of Deed of Trust, recorded on August 31, 2015, in the Office of the Recorder for the County of Butte as Instrument No. 2015-0031188.

7.      Plaintiff, a federally chartered bank, is the current beneficiary of the deed of trust at issue in the complaint.

8.      The grant deed by which defendant Gallo obtained title to the subject property from defendant Secretary of Housing and Urban Development contains errors in the legal description, which were incorporated into the legal description in the deed of trust to which plaintiff is the beneficiary.

9.      The legal description of the subject property included in the grant deed and deed of trust contains the following two errors: (a) the lot number should be "16" not "18;" and (b) the map page should be "37" not blank.

10.     In or about August 2016, plaintiff discovered the mistake in the deed of trust and subsequently contacted Gallo to have the mistake corrected. Gallo has not responded to plaintiff's request and continues to refuse to correct the mistake in the deed of trust.

Plaintiff seeks a judicial order of reformation of the grant deed and deed of trust to reflect the following correct legal description of the subject property:

Lot 16, as shown on that certain map entitled, "Oak Lawn Manor Subdivision," which Map was recorded in the Office of the Recorder of the County of Butte, State of California, on March 17, 1950, in Book 17 of Maps, at Page(s) 37.

Plaintiff does not seek any monetary relief.

/ / /

4

The court finds that plaintiff's well-pleaded complaint states a claim for reformation upon which relief can be granted, see Danning, 572 F.2d at 1388, and presumes that the facts alleged are true, see id.; see also Geddes, 559 F.2d at 560; Televideo Systems, Inc., 826 F.2d at 917-18; Discovery Communications, Inc., 172 F. Supp. 2d at 1288.

Upon consideration of the factors set forth in Eitel, 782 F.2d 1470, the court finds that a default judgment reforming the grant deed and deed of trust to reflect the correct legal description of the subject property is warranted. Plaintiff will be prejudiced absent reformation because its security instrument will not encumber the subject property. The merits and sufficiency of plaintiff's claim are evident on the face of the complaint. There is no money at stake. There is no possibility of a dispute concerning material facts because the correct legal description of the subject property is fixed and not subject to interpretation. Finally, there is no possibility of a determination of this case on the merits because defendants have refused to defend.[1]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] It is impossible to determine whether defendants' defaults were entered due to excusable neglect because they have not responded to plaintiff's motion and, therefore, have not provided any explanation for their refusal to defend.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion for default judgment (Doc. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE